In re Lonny James ORCUTT, Diana Lynn Orcutt, Debtors.

Wesley B. Huisinta, Trustee, Plaintiff,

v.

Consumer Portfolio Services Inc., et al., Defendants.

Bankruptcy No. 01–03264.
Adversary No. 02–9026.

United States Bankruptcy Court, N.D. Iowa.

May 21, 2002.

Wesley B. Huisinga, Cedar Rapids, IA, pro se.

David Nadler, Cedar Rapids, IA, for debtors.

## ORDER RE TRUSTEE'S MOTION FOR SUMMARY JUDGMENT

PAUL J. KILBURG, Chief Judge.

This matter came before the Court on April 19, 2002 on Trustee's Motion for Summary Judgment. Trustee Wesley Huisinga appeared as Plaintiff. Attorney Patrick Galles represented Defendant Consumer Portfolio Services, Inc. After hearing arguments of counsel, the Court took the matter under advisement. This is

a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(K).

## STATEMENT OF THE CASE

Trustee requests summary judgment on his complaint to avoid Defendant's lien on Debtors' 1995 Chevrolet Blazer. He asserts the lien was not timely perfected under Iowa Code sec. 321.50. Defendant asserts its lien was timely perfected when title was issued in Debtors' names with its lien noted, although this occurred more than 30 days after Debtors' grant of the security interest.

## STATEMENT OF FACTS

On October 23, 2000, Debtors Diana and Lonnie Orcutt purchased a 1995 Chevy Blazer from Pat McGrath Chevrolet (McGrath). They signed a retail installment contract with McGrath which included a security agreement granting a lien on the vehicle. In the same document, McGrath assigned the security interest to Defendant. As part of the purchase, Debtors traded in a 1994 Ford Mustang. Also on October 23, 2000, Debtors and McGrath signed an application for certificate of title for the vehicle setting out Defendant's security interest. Title to the vehicle was issued in Debtors' names with notation of Defendant's security interest on December 6, 2000. Debtors filed a Chapter 7 petition on September 21, 2001.

Defendant submitted an affidavit of Rick Sayre, Vice President of Finance for McGrath which states as follows. McGrath purchased the Blazer as a trade-in from customers Harold and Denise Hunt. The Hunts delivered the Blazer's title to McGrath on October 31, 2000, about a week after Debtors' purchase of the vehicle. On November 2, 2000, McGrath applied for a duplicate registration for the 1994 Ford Mustang Debtors were trading in on the Blazer. The dupli-

cate registration was necessary because Debtors could not present the original registration to McGrath. Debtors delayed in returning to McGrath's dealership until after November 27, 2000 to sign paperwork to complete the assignment of the Mustang title to McGrath and re-assignment of the Blazer title from McGrath to Debtors. Mr. Sayre states this paperwork was necessary to allow Debtors to transfer the license plates from the Mustang to the Blazer. Further, he asserts submission of the title and registration of Debtors' traded-in Mustang was required by the Linn County Treasurer in order to have the Blazer's certificate of title issued to Debtors. The Court notes that Exhibit B of Mr. Sayre's affidavit shows the date of sale for the Hunts' assignment of the Blazer title to McGrath was 10/21/00 and the date of sale for McGrath's re-assignment of title to Debtors was 10/23/00.

## CONCLUSIONS OF LAW

The Eighth Circuit recognizes "that summary judgment is a drastic remedy and must be exercised with extreme care." *Wabun–Inini v. Sessions,* 900 F.2d 1234, 1238 (8th Cir.1990). The Eighth Circuit has also recognized that the "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'" *Wabun–Inini,* 900 F.2d at 1238 (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 327, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). In considering a motion for summary judgment, the Court must determine whether the record, viewed in a light most favorable to the nonmoving party, shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *In re*

*Cochrane,* 124 F.3d 978, 981–82 (8th Cir. 1997).

■ Under § 544(a), Trustee has the power to avoid security interests in Debtors' property that would be voidable by a hypothetical judicial lien creditor. Such interest include unperfected or unenforceable security interests. Iowa Code sec. 321.50(1) provides for perfection of a security interest in a vehicle by notation of the lien on the vehicle's certificate of title. This section states, in pertinent part:

> A security interest in a vehicle ..., except new or used vehicles held by a dealer or manufacturer as inventory for sale, is perfected by the delivery to the county treasurer ... of an application for certificate of title which lists the security interest, ... and a fee of five dollars for each security interest shown. If the owner or secured party is in possession of the certificate of title, it must also be delivered at this time in order to perfect the security interest.... Delivery as provided in this subsection is an indication of a security interest on a certificate of title for purposes of chapter 554.

Iowa Code § 321.50(1) (2000). A 30 day time limit for perfection of a lien in a vehicle is set out in sec. 321.50(6), which states:

> Any person obtaining possession of a certificate of title for a vehicle not already subject to a perfected security interest, except new or used vehicles held by a dealer or manufacturer as inventory for sale, who purports to have a security interest in such vehicle shall, within thirty days from the receipt of the certificate of title, deliver such certificate of title to the county treasurer of the county where it was issued to note such security interest and, if such person fails to do so, the person's purported security interest in the vehicle shall be void and unenforceable and such person shall forthwith deliver the certificate of title to the county treasurer of the county where it was issued.... For purposes of determining the commencement date of the thirty-day period provided by this subsection, it shall be presumed that the purported security interest holder received the certificate of title on the date of the creation of the holder's purported security interest in the vehicle or the date of the issuance of the certificate of title, whichever is the latter.

Iowa Code § 321.50(6) (2000).

This Court has considered the validity of vehicle liens in several different cases. *See In re Henry,* 2002 WL 539047, Adv. No. 02–9004, slip op. at 2–3 (Bankr.N.D. Iowa April 5, 2002) (collecting cases). The cases most on point are *In re Merritt,* 267 B.R. 625, 630 (Bankr.N.D.Iowa 2001) (voiding vehicle lien not timely noted on certificate of title), and *In re Lemker,* No. 97–00628S, slip op. at 4 (Bankr.N.D. Iowa June 18, 1997) (voiding lien noted on title outside the time allowed under Iowa law) (Edmonds, J.).

In *Merritt,* McGrath was the dealer who sold the debtor a vehicle. The Court noted that a secured creditor has a limited time within which to perfect its lien on the vehicle, after which the lien is void. *Merritt,* 267 B.R. at 626. The court found that the defendant's lien was void and unenforceable because it was not timely filed under the Iowa Code. *Id.* at 630. "Although this result may seem harsh, [the defendant] and McGrath had control of the process and are responsible for protecting their own interest." *Id.* In *Lemker,* the Court likewise found a security interest became void and unenforceable against the debtor after it was not perfected within the time allowed under Iowa law. *Lemker,* No. 97–00628S, slip op. at 4.

The Court concludes that the same law applies in this case and requires the same result. Defendant points out that "at no time did [Defendant] have any control over the certificate of title or the purported notation of the security interest." It also argues that the date the title was issued in Debtors' names is the date on which the 30 day limit of sec. 521.30(6) commences. Finally, Defendant stresses in Mr. Sayre's affidavit that submission of the proper paperwork to the County Treasurer was delayed by procedures necessary to transfer title to Debtors' trade-in vehicle, the Mustang, and by Debtors' failure to timely return to the dealership to execute certain papers.

Defendant financed Debtors' purchase of the Blazer from McGrath. McGrath obviously took charge of the paperwork. As noted in *Merritt*, McGrath had control of the process. McGrath was presumably acting on Defendant's behalf to perfect its security interest. Defendant is responsible for protecting its own interests and cannot avoid the consequences of McGrath's handling of the transaction.

█ If, as Defendant argues, the date the title was issued in Debtors' names is the beginning of the sec. 321.50(6) 30 day period to perfect a security interest, vehicle dealers and financiers could delay acquisition of title indefinitely. As also noted in *Merritt*, this is not allowed under Iowa law. 267 B.R. at 629.

Defendant's remaining argument is that the delay in the issuance of the certificate of title noting its lien is attributable to Debtors or to the County Treasurer's procedural requirements. Iowa Code sec. 321.25, as amended effective July 1, 2000, states that a dealer (McGrath) shall forward the purchaser's (Debtors') application for registration and certificate of title to the county treasurer within 30 days from the date of delivery of the vehicle. *See*

*also* Iowa Code § 321.46(1) (requiring a buyer to apply for new registration and certificate of title within 30 days after purchase of a vehicle). After the transfer of a vehicle (Debtors' traded-in Mustang), the owner may have the registration plates reassigned to another owned or acquired vehicle (the Blazer) "within thirty days after transfer." Iowa Code § 321.34(1).

Under § 321.50(1), in order for Defendant's security interest to be perfected, an application for notation of security interest must be delivered to the County Treasurer. Sec. 321.50(6) requires that this must occur within 30 days of "the creation of the [ ] purported security interest ... or the date of the issuance of the certificate of title, whichever is the latter" or the security interest is void and unenforceable. The 30 day period after the October 23, 2000 creation of Defendant's security interest ended November 22, 2000.

McGrath received the Blazer title from the Hunts on October 31, 2000. Iowa law provides that a dealer may hold a vehicle for sale "without obtaining a new certificate of title *if* the dealer holds for that vehicle a certificate of title ... properly assigned to the dealer." Iowa Admin. Code 761–400.27(321,322) (emphasis added); *see also* Iowa Code § 321.48(1). A dealer, such as McGrath, is directed that it may only sell a vehicle if it holds the certificate of title assigned from the previous owner or obtains a new certificate of title in its own name. The sale to Debtors on October 23, 2000, a week before McGrath received assignment of the Hunts' certificate of title, is contrary to this requirement.

The date of purchase and delivery to Debtors was October 23, 2000. On that date, Debtors signed the application for registration and certificate of title including a request that Defendant's lien be

noted on the certificate of title. This application remained in McGrath's control. The deadline for McGrath to forward Debtors' application to the County Treasurer was November 22, 2000 under sec. 321.25. McGrath did not forward the application until after November 27, 2000.

Even assuming Debtors caused the delay until after November 27, 2000 to finalize the documents transferring their traded-in Mustang to McGrath, McGrath is not excused from the necessity of timely submitting the application for registration and title for the Blazer to the County Treasurer. Apparently, the parties were attempting to reassign the registration plates from the Mustang to the Blazer. This is allowed "within thirty days after transfer" under Iowa law. Iowa Code § 321.34(1). Iowa law, however, does not allow for a delay in applying for registration and title, and notation of lien on the title, beyond the thirty days allowed under sections 321.25, 321.46 and 321.50 of the Iowa Code.

McGrath's handling of this transaction has compromised both McGrath and Defendant, the financier of Debtors' purchase from McGrath. In this instance, as well as in the transaction considered in *Merritt*, McGrath proceeded to make a sale before it had followed appropriate steps to obtain good title for the vehicle sold. It entered into the vehicle sale without having all the proper paperwork in place. The Iowa Code clearly sets out deadlines and procedures for transfers of vehicle titles. It clearly sets out the consequences for lenders when the dealer fails to follow required procedures, i.e. the "purported security interest in the vehicle shall be void and unenforceable." Iowa Code § 321.50(6).

**WHEREFORE,** Trustee's Motion for Summary Judgment is GRANTED.

**FURTHER,** Trustee is entitled to judgment on its Complaint to Avoid Lien.

**FURTHER,** the lien of Defendant Consumer Portfolio Services, Inc. in Debtors' 1995 Chevrolet Blazer is void and unenforceable under Iowa Code sec. 321.50(6).

**FURTHER,** judgment shall enter accordingly.